UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 3:18 mj 294 (SALM) |
| v. | : |
| ALEX ALBERTO FAJIN-DIAZ | : MARCH 5, 2018 |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Pursuant to Title 18, United States Code, Sections 3142(e) and (f), the Government hereby requests that the defendant be ordered detained prior to trial.

I. Eligibility of Case

This case is eligible for pretrial detention because it involves:

\_\_\_\_ a crime of violence as defined in Title 18, United States Code, Section 3156;

\_\_\_\_ an offense for which the maximum sentence is life imprisonment or death;

\_\_\_\_ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 802, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a);

\_\_\_\_ any felony committed after the defendant has been convicted of two or more of the prior two offenses or two or more State or local offenses that would have been one of the prior two offenses if a circumstance giving rise to Federal jurisdiction had existed;

\_\_X\_\_ a serious risk that the defendant will flee; and/or

1

_____ a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

II. Reason for Detention

The Court should detain defendant because there are no conditions of release which will reasonably assure:

_____ the defendant's appearance as required; and/or

_____ the safety of any other person and the community.

III. Rebuttable Presumption

The Government will/will not invoke the rebuttable presumption against the defendant under Title 18, United States Code, Section 3142(e). The presumption applies because:

_____ the defendant has been convicted of a Federal offense described in Title 18, United States Code, Section 3142(f)(1) or of a State or local offense that would have been an offense described in Section 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

_____ an offense described in Title 18, United States Code, Section 3142(e)(1) was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

_____ a period of not more than five years had elapsed since the date of conviction, or the release of the defendant from imprisonment, for an offense described in Title 18, United States Code, Section 3142(e)(1), whichever is later; or

_____ there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the

Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substance Import and Export Act (21 U.S.C. § 951, et seq.), Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a), or an offense under Section 924(c) of Title 18 of the United States Code.

V. Time for Detention Hearing

The Government requests that the Court conduct the detention hearing:

\_\_\_\_\_ at the defendant's first appearance;

__X__ after a continuance of __3__ (not more than) days.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

RAY MILLER
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct20451
157 CHURCH STREET, 25th FLOOR
NEW HAVEN, CT 06510
Tel.: (203) 821-3700
Fax: (203) 773-5377

Certificate of Service

I hereby certify that on this 5th day of March 2018, a copy of the foregoing motion for pretrial detention was delivered by hand to defense counsel.

_____
RAY MILLER
ASSISTANT U.S. ATTORNEY